# THE AMERICAN EXCHANGE NATIONAL BANK, PLAINTIFF, *v.* STEVENS VOISIN, DEFENDANT.

*Attachment — when statements in an affidavit will be presumed to be made on the actual knowledge of the deponent — service of the summons need not precede the issuing of an attachment.*

An attachment was issued in this action upon an affidavit made by the plaintiff's cashier, which stated, among other things, that the plaintiff did, on September, 1886, advance and loan to the defendant the sum of $5,500, no part of which had been paid, and that said sum was then justly due and owing to the plaintiff from the defendant, over and above all counter-claims known to the plaintiff.

*Held,* that as the affidavit was made by the cashier, who was the plaintiff's chief fiscal officer, it might be presumed, from the tenor of the affidavit, that he had actual knowledge of the facts, which were stated in positive terms. (*Pomeroy* v. *Ricketts* (27 Hun, 242); *Smith* v. *Davis* (29 id., 306); *Reilly* v. *Sisson* (31 id , 572); *Walts* v. *Nichols* (32 id., 276); *Marine National Bank* v. *Ward* (35 id., 395), distinguished.

That, as no specified period of credit was stated it might be presumed that the loan became due at the time when the affidavit was sworn to, which was on October 9, 1886.

While section 635 of the Code of Civil Procedure requires an attachment to be issued in an action, it does not require it to be preceded by the service of the summons, but is fully satisfied when the summons has been made out and is in a condition to accompany the service of the attachment.

*Partridge* v. *Brown* (19 Weekly Dig., 434) distinguished.

Appeal by Amory A. Lawrence and others as subsequent attaching creditors from an order denying a motion to vacate an attachment issued on the 9th of October, 1886, in favor of the plaintiff and against the defendant.

*Adams & Boothby*, for attaching creditors, appellants.

*L. B. Bunnell*, for plaintiff and respondent.

Daniels, J.:

One of the affidavits on which the first attachment was issued contained the statement that "plaintiff has or is about to commence an action against the defendant, to recover the above-mentioned loan and the summons is annexed hereto."

That statement is relied upon as exhibiting the fact that the plaintiff was not entitled to the attachment at the time when it was issued. But while it is true that by section 635 of the Code of Civil Procedure the attachment is to be issued in an action, it has not been required to be preceded by the service of the summons; but on the contrary it may, under the authority of section 638 of the same Code, be made to accompany the summons, or be issued at any time after the commencement of the action and before final judgment. This clause in the affidavit brought the case within this section of the Code, for it proved the fact to be that the summons had been made out and was ready for service and being attached to the affidavit, was made a part of the application for the attachment; and the attachment being issued in that manner, it accompanied the summons within the strict signification of this phraseology, as it has been employed in this section of the Code. And this construction is maintained by the further provision of the same section that

service of the summons must be made upon the defendant, or an order of publication obtained, within thirty days after the warrant of attachment is granted. And these two provisions entirely overcome the force of the argument made, from the language contained in section 635, that the summons as a matter of fact must be issued or served before an action can exist in which an attachment may be allowed. That is not the effect of this section. It requires no actual commencement of the action before an attachment may be issued, but that it shall be issued only in what shall in form be an action by one party against another. This requirement is fully satisfied when the summons has been made out and is in a condition to accompany the service of the attachment. And no authority has been found which is inconsistent with this construction.

In the case of *Partridge* v. *Brown* (19 Weekly Dig. 434), the facts now made to appear were not presented. For the affidavit evidently failed to show compliance with these sections of the Code, while here the statement is entirely ample for this object.

This affidavit was made by the cashier of the bank, and it states the fact that the bank advanced and loaned to the defendant the sum of $5,500 on the 16th of September, 1886, no part of which had been paid, and that this amount, together with $2,237.92 overdrawn by him, was justly due and owing to the plaintiff from the defendant, over and above all counter-claims known to it. This affidavit, very essentially, differs from that held not to be sufficient in *Pomeroy* v. *Ricketts* (27 Hun, 242), and *Smith* v. *Davis* (29 Hun, 306), for in the former case it was not stated, as a matter of fact, that any goods or merchandise had been sold or delivered, while in the latter case the affidavit contained no more than a recital of a sale. They were each inferior, in their effect as evidence, to the affidavit made by the cashier upon which this statement was issued, while in *Reilly* v. *Sisson* (31 Hun, 572), the indebtedness did not appear to have matured, and in *Walts* v. *Nichols* (32 Hun, 276), the right to nominal damages only appeared from the affidavit. In the *Marine National Bank* v. *Ward* (35 Hun, 395), the affidavit was not made by any person either appearing to have, or who it could be presumed had, knowledge of the existence of the indebtedness, or of the facts out of which it might have arisen, while in the present instance it was

made by the cashier who was the fiscal officer of the plaintiff and within the line of whose duties its loans and overdrafts would, in the usual course of business, be made. He may be presumed, therefore, from the tenor of the affidavit made by him to have had actual knowledge of the facts, which he has stated in positive terms, authenticating the loan of the money. And as no specified period of credit has been stated, the loan may be presumed to have become due at the time when the affidavit was sworn to, which was the 9th of October, 1886.

The other affidavit, on which the attachment was founded, disclosed a state of facts from which it could well be inferred, as the fact was there stated by the cashier, that the defendant had departed from the State with intent to defraud his creditors, or to avoid the service of a summons, or kept himself concealed within the State with that intent. And upon that fact, as an indebtedness was shown to have existed over and above all counter-claims, an attachment has been authorized under subdivision 2 of section 636 of the Code of Civil Procedure. And this, though briefly stated, was disclosed by the recital in the attachment in such language as to indicate it to have been the ground upon which the attachment was issued. Whether there was a substantial difference between the amount of the indebtedness mentioned in the attachment, and the statement made of it in the summons, cannot be determined, for the reason that the summons itself has not been made a part of the papers on the appeal. But even if there were such difference, as the indebtedness is stated to be at a less amount in the attachment than was demanded in the summons, it would afford no ground for setting aside the attachment, for the defendant could not be prejudiced by the fact if it existed; it would, on the contrary, be an advantage to him; for the sheriff, under the attachment, could take no more of his property than would satisfy the amount mentioned in the attachment, with interest, costs and expenses. The other objections which have been urged in support of the appeal are still less entitled to be sustained. They are devoid of merit, being quite formal in their character, and require no further consideration for the disposition of the case.

The order appealed from was right and it should be affirmed, but as the affidavits have not been drawn with that care and

particularity which should have been observed in so important a case, it should be without costs.

VAN BRUNT, P. J., and BRADY J., concurred.

Order affirmed, without costs.